IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACOB I. CRANMAN,<br><br>      Plaintiff,<br><br>v.<br><br>ONEWEST BANK F.S.B.,<br><br>      Defendant. | CIVIL ACTION FILE NO.<br>1:10-CV-0775-TWT-GGB |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the court on the motion to dismiss filed by defendant OneWest Bank, F.S.B. ("OneWest Bank")(Doc. 2). The plaintiff, Jacob I. Cranman, who is proceeding *pro se*, opposes the motion to dismiss. (Doc. 4). For the reasons stated below, I **RECOMMEND** that OneWest Bank's motion to dismiss (Doc. 2) be **GRANTED**.

## **I.   PROCEDURAL BACKGROUND**

On March 17, 2010, plaintiff initiated this action by filing a "Complaint for Permanent Injunction and Other Equitable Relief." (Doc. 1, complaint). In his complaint, plaintiff states that he "is/are an ordinary citizen(s) trying to accomplish the American dream of real estate ownership." (Compl. at 3). Plaintiff alleges that he has

been "violated by the Defendants [sic] deliberate failure to give him all the necessary disclosures and by the excessive fees charged during the closing and servicing of this loan." (Id. at 4). The complaint makes passing references to a number of federal statutes, including the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, as amended by the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; Regulation Z,[1] 12 C.F.R. §§ 226.17(b) and 226.19(a); the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2600 *et seq.*; Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45; Regulation B, 12 C.F.R. § 202.9, of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[2]

Plaintiff seeks rescission of the mortgage loan at issue in this case, pursuant to TILA, Regulation Z, and HOEPA, as well as punitive, statutory, equitable, and special damages. (Compl. at 4). Plaintiff also moves the court to permanently enjoin and

---

[1] The Board of Governors of the Federal Reserve System issued Regulation Z to implement TILA and other acts. 12 C.F.R. § 226.1(a).

[2] Additionally, plaintiff has filed an "Answer to Defendant's Motion to Dismiss" (Doc. 4) in which he argues that OneWest Bank has failed to comply with Georgia foreclosure statutes, has engaged in fraud, has attempted to bifurcate security interests, and is barred from proceeding with foreclosure by promissory estoppel. These claims are not properly pled, as they are not a part of plaintiff's complaint. Therefore, they have not been considered by the court.

restrain the "defendants from violating § TILA Regulation Z and RESPA in any way Jacob I. Cranman is concerned." (Id.).

## II. FACTUAL ALLEGATIONS

Plaintiff's complaint contains minimal factual allegations. Plaintiff alleges that on May 19, 2006, he obtained a loan from OneWest Bank F.S.B. for $92,000.00 to purchase property located at 1460 Everhart Street, S.W., Atlanta, Georgia, 30310. (Compl. at 1). The account number associated with the loan is 3002204083. Plaintiff asserts that the loan was made a part of a pool of securities that was later sold for investment on Wall Street. Plaintiff alleges that he did not receive all of the closing documents prior to the closing, including "Regulation Z early disclosure statements," a "Special Information Booklet," a "Controlled Business Arrangement Disclosure," notices of cancellation, and preliminary price disclosures. (Compl. at 1-2).

In addition, plaintiff alleges that he sent a rescission letter "to the parties involved due to the many [unspecified] violations," and refers the court to "Exhibit A." (Compl. at 2). However, there is no "Exhibit A" attached to plaintiff's complaint. Plaintiff contends that the rescission notice automatically rendered the trust deed void by operation of law. Plaintiff further alleges that he asked the "Note Holder show proof by Original promissory note as to whom the real holder on due course is. Please see United

States District Court Case for the Northern District of Ohio Case No. 07CV2282." (Compl. at 2). Finally, plaintiff alleges that defendant OneWest Bank "[does] not have standing." Id.

### III.  DISCUSSION

**A.     Legal Standard**

Defendant OneWest Bank has moved to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. (Doc. 2). In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court recently clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

4

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

5

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

**B.     Defendant OneWest Bank's Motion to Dismiss**

Applying these standards, I find that the motion to dismiss filed by defendant OneWest Bank should be granted.  Plaintiff's complaint appears to be a form complaint, similar, if not identical, to others previously filed by borrowers against their lenders in this court and in other federal courts across the country in order to forestall the foreclosure process.  To the extent plaintiff's factual allegations can be discerned, they are far from sufficient to support any of the claims that plaintiff has asserted against the defendant in this action with regard to the loan transaction at issue in this case. Even as construed liberally for a *pro se* plaintiff, plaintiff's complaint fails to satisfy the rudimentary pleading requirements of Rule 8(a).

Specifically, plaintiff's complaint fails to state a plausible claim for relief under any of the federal statutes that he points to, including (but not limited to) TILA, Regulation Z (12 C.F.R. § 226.1, *et seq.*),[3] HOEPA, and RESPA.

### 1.     *Plaintiff's TILA claims*

Plaintiff alleges that OneWest Bank violated TILA by failing to provide various required disclosures and also by charging excessive fees. Pursuant to 15 U.S.C. § 1640(e), a debtor must bring a claim for statutory damages under TILA within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The violation occurs when the transaction is consummated. Smith v. American Fin. Sys., 737 F.2d 1549, 1552 (11th Cir. 1984). Nondisclosure is not a continuing violation for purposes of the statute of limitations. Id.

---

[3] Congress's purpose in passing TILA was "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). In implementing TILA, Congress "delegated expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit." Dixon v. S & S Loan Serv. of Waycross, Inc., 754 F. Supp. 1567, 1570 (S.D. Ga. 1990)(quoting Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 560 (1980)). "The Board exercised its authority by promulgating regulations; namely, Regulation Z, 12 C.F.R. § 226 (1990)." Dixon, 754 F. Supp. at 1570. "The purpose of [Regulation Z] is to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain credit card practices, and provides a means for fair and timely resolution of credit billing disputes." 12 C.F.R. § 226.1(a) & (b).

Here, plaintiff alleges that OneWest Bank failed to provide certain disclosures required by TILA at the time that plaintiff closed the loan (thus consummating the transaction) on May 19, 2006. Plaintiff did not file this action until March 17, 2010, almost four years later. The one-year statute of limitations under TILA runs from the consummation of the loan transaction, and not from the date that plaintiff allegedly became aware of any violation. Therefore, to the extent plaintiff seeks damages under TILA, his claim is time-barred. Accordingly, I **RECOMMEND** that plaintiff's claim for damages under TILA be **DISMISSED**.

The same applies to plaintiff's request for rescission. Plaintiff alleges that he sent a rescission letter "to the parties involved," pursuant to TILA. (Compl. at 2). TILA provides that in the case of a consumer credit transaction in which the creditor acquires a security interest in property to be used as the principal residence of the obligor, the obligor "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information or rescission forms...." 15 U.S.C. § 1635(a). This three-day rescission period expands to three years if the requisite information, rescission forms, and disclosures are not provided. See, e.g., Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir. 1997)(recognizing that if a creditor neglects to comply with the § 1635(a)

8

disclosure requirements, "the debtor's right to rescind is extended for up to three years after the transaction is complete").

However, residential mortgage transactions, as defined in 15 U.S.C. § 1602(w), are specifically exempted from TILA's rescission provision. <u>See</u> 15 U.S.C. 1635(e)(1). Section 1602(w) defines the term "residential mortgage transaction" to mean a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Here, it is not clear from plaintiff's complaint (and documents attached to his response in opposition to defendant's motion to dismiss) whether the loan that plaintiff obtained was used to finance the acquisition of plaintiff's dwelling, or whether it was a refinancing transaction. Plaintiff alleges in his complaint that he obtained the loan to purchase the property located at 1460 Everhart Street. Based on the allegations in plaintiff's complaint, rescission is not available for the loan at issue in this case. 15 U.S.C. § 1635(e)(1); <u>Kamara v. Columbia Home Loans, LLC</u>, 654 F. Supp. 2d 259, 264 (E.D. Pa. 2009)(noting that under 15 U.S.C. § 1635, rescission is not an available remedy for "residential mortgage transactions," as defined in 15 U.S.C. § 1602(w)).

9

Even if plaintiff's loan transaction were a mortgage refinancing transaction, and thus subject to TILA's notice and rescission provisions, the rescission period is only extended until three years after consummation of the transaction (i.e., the date of the closing). 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). To the extent plaintiff ever had a valid claim for rescission under TILA, such right of rescission has expired. As plaintiff lacks any statutory basis for rescission, plaintiff's purported attempt to rescind the loan in 2010 was ineffective. Accordingly, I **RECOMMEND** that plaintiff's claims for rescission and damages under TILA be dismissed.[4]

### 2.  *Plaintiff's claim under HOEPA*

Plaintiff's claim under HOEPA is equally unavailing because any claim for damages under HOEPA must be brought within one year from the date of the closing, which in this case was May 19, 2006. See 15 U.S.C. § 1640(e). To the extent plaintiff ever had a claim for damages under HOEPA, plaintiff's right to file such a claim terminated well before the date he filed his lawsuit in March 2010. I therefore **RECOMMEND** that plaintiff's claim brought under HOEPA be **DISMISSED**.

---

[4] Residential mortgage transactions are also exempt from Regulation Z's rescission provision, 12 C.F.R. § 226.23(f)(1). Thus, to the extent plaintiff claims a right of rescission under Regulation Z, that claim should also be dismissed.

10

### *3.     Plaintiff's claims under RESPA*

Plaintiff also asserts that defendant violated RESPA by failing to provide a "Special Information Booklet" and a "Controlled Business Arrangement (CBA) Disclosure." (Compl. at 2). The court finds that RESPA does not provide a private cause of action for plaintiff's allegations under RESPA and further, that plaintiff's allegations are barred by the statute of limitations and should be dismissed.

Plaintiff argues that OneWest Bank violated RESPA by failing to provide a "Special Information Booklet." Although plaintiff fails to cite the specific portion of the statute allegedly violated, the provision of "Special Information Booklets" distributed to mortgage lenders is covered by 12 U.S.C. § 2604. RESPA, however, does not provide for any private cause of action for any violation of 12 U.S.C. § 2604. See Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997) (no "implied private civil remedy" under 12 U.S.C. § 2604 because, among other reasons, other provisions of RESPA explicitly provided for private civil remedies but § 2604 did not, and stating "[t]hat . . . indicates Congress did not intend such a remedy for § 2604(c) violations.").

Plaintiff further alleges that OneWest Bank violated RESPA by failing to provide a "Controlled Business Arrangement (CBA) Disclosure" pursuant to 12 U.S.C. § 2607(c)(4). (Compl. at 2). Any claim brought under 12 U.S.C. § 2607 must be

11

brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614. Because the allegations of plaintiff's complaint establish that any alleged violation of RESPA occurred on or about May 19, 2006, and the plaintiff did not bring this action until March 17, 2010, the plaintiff's claims under RESPA are time-barred.

For the reasons stated, I **RECOMMEND** that all of plaintiff's claims brought under RESPA be **DISMISSED**.

### *4.   Plaintiff's other claims*

Although it is not entirely clear from the complaint, plaintiff may also be asserting claims against OneWest Bank under "the FTC Act," "the ECOA's Regulation B," and the "FCRA." Plaintiff has failed to allege any facts supporting any claim for a violation of any of these statutes, and the court cannot discern exactly how plaintiff is contending that OneWest Bank violated these statutes.

Under Twombly, plaintiff's claims under these statutes must be dismissed. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Plaintiff's mere citation of a list of statutes is not sufficient to meet this standard, without any allegation of facts that would plausibly establish the elements of these claims.

12

Accordingly, to the extent that plaintiff intended to assert any claims arising out of the violation of any statute other than TILA, HOEPA, or RESPA, **IT IS RECOMMENDED** that these claims be **DISMISSED**.

In sum, for the foregoing reasons and cited authority, I **RECOMMEND** that the motion to dismiss plaintiff's claims filed by defendant OneWest Bank (Doc. 2) be **GRANTED** and that this action be dismissed in its entirety.

### IV.  CONCLUSION

For the reasons stated above, I **RECOMMEND** that the motion to dismiss plaintiff's claims filed by defendant OneWest Bank (Doc. 2) be **GRANTED**. As this is a Final Report and Recommendation, and there is nothing further in this action pending before me, the Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED**, this 29th day of October, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE